Mr. Justice Nott
delivered the opinion of the court.
If a person have several distinct titles to atract of land, he may avail himself of them all to enable him to hold against any opposing claim. And although there can be but one good title to the same- land, yet, as it may be doubtful, which, amdng several is the best, if he should happen to be defeated in one, he may resort to another. Thus, if a person should claim by devise, and it should be shewn by the opposite party that the will was obtained by fraud or not properly executed, he might nevertheless shew that he was entitled to hold by descent. But the objection is not in this case, that the testimony was incompetent, but that it could not be admitted in reply. Any thing maybe given in evidence in reply, which is a direct answer to that produced on the part of the- defendant. If a defendant give in evidence' a release, the plaintiff may reply forgery. If he offer a discount, the plaintiff may shew that it has been paid, or as in this case, that it has been barred by the statute of limitations. In the case under consideration, the defendant produced an elder grant j the plains *163 tiff'offered to do away the effect of it by proving an adverse possession. Until the defendants grant was produced, the plaintiff had shewn a good title in himself. And when a plaintiff has established his case he need offer no •further evidence until some proof is offered on the other side to destroy or impair it. The plaintiff could not kno\¡v that the defendant would rely on an elder grant, or that he even had one, until it was produced. And even if he jiad known it, would not have been required and perhaps not allowed to impede the business of the court, by giving evidence in anticipation -oftestimony which might not exist or not be produced, And although such a method of proceeding must necessarily allow the defendant the right .of rejoining in evidence, yet, that furnishes no objection. .Such a course must frequently be pursued when a defendant is permitted to give in evidence, any special matter which leads to a distinct, issue, in which he stands in the ■situation of a plaintiff. This position may be illustrated by a single case, not of unfrequent occurrence. To an action of assumpsit, a defendant may give in evidence a .discount. The plaintiff may reply the statute of limitations, to which, the defendant may rejoin a subsequent promise. But this is not a new question. A similar question arose in the case of Alexander McKie vs. Justice Reynolds -as early as about the year 1801 or 2. The land had been sold under execution, by the sheriff of Spartanburgh, as the property of the defendant, and purchased by the plaintiff. On the trial, he produced a regular chain of title, and proved the defendant to be in possession. The defendant disclaimed any right to the land, but defended his possession under a deed from himself to a third person previous to the judgment under which the plaintiff claimed. The plaintiff offered in reply a deed from the person to whom the defendant had conveyed. That evidence was rejected by the presiding Judge ; but on, an appeal to the constitutional court, a new trial was granted on that ground, and the plaintiff recovered on the next trial. It-is a convenient and necessary practice, calcula *164 -ted to shorten rather'tlion protract the investigation of a cause. It tends to the furtherance of justice, an4 to avoid a multiplicity of suits.
Felder, for the motion.
Marlin, contra.
The motion therefore must be granted.
Justices Colcock, Johnson and Richardson, concurred.